[Cite as *State v. Kelly*, 2021-Ohio-474.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-P-0077** |
| BRYAN P. KELLY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. 2019 CRB 02670 R.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Olivia A. Myers,* O. Myers Law LLC, 333 South Main Street, Suite 401, Akron, OH 44313 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Appellant, Bryan P. Kelly, appeals from an August 28, 2020 entry of the Portage County Municipal Court, Ravenna Division. After finding appellant guilty of assault, a first-degree misdemeanor, and public indecency, a fourth-degree misdemeanor, the trial court imposed a $200 fine and court costs; 180 days in jail with 179 days suspended; and 12 months of supervised probation.

{¶2} Appellee, the state of Ohio, filed a motion to dismiss the appeal for lack of jurisdiction indicating that the sentencing entry is not a final appealable order. Specifically, appellee contends that the appeal should be dismissed because the entry does not contain a separate sentence for each offense; rather, it just contains a "blanket sentence" for both convictions. *State v. Clay*, 11th Dist. Trumbull No. 2009-T-0126, 2010-Ohio-4558, ¶ 11; and *State v. Garner,* 11th Dist. Trumbull No. 2002-T-0025, 2003-Ohio-5222, ¶ 7.

{¶3} Appellant filed a memorandum in opposition to the motion to dismiss indicating that the entry "may have textual irregularities" but that this court is not divested of jurisdiction and can decide on the merits to remand for the trial court to resentence appellant.

{¶4} In reviewing *Clay* and *Garner*, *supra*, the law is clear that when only a single sentence is imposed after finding an appellant guilty of two different crimes, one of the offenses is left without a sentence, and this court is unable to determine to which offense the sentence applies. Thus, there is no final appealable order. *Garner* at ¶ 10.

{¶5} It is hereby ordered that appellee's motion to dismiss is granted.

{¶6} Appeal dismissed.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

2